UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


ANTHONY LEE                                                                              PLAINTIFF


V.                                    CIVIL ACTION NO. 1:06CV115 LTS-RHW


STATE FARM FIRE AND CASUALTY COMPANY
and DAVID STANDOVICH
and CROWLEY LINER SERVICES, INC.                                    DEFENDANTS


## MEMORANDUM OPINION

The Court has before it Plaintiff Anthony Lee's (Lee) motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The state court complaint alleges that Lee was a policy holder insured by Defendant State Farm Fire and Casualty Company (State Farm) and that Defendant David Standovich (Standovich) was the agent through whom Lee purchased his State Farm homeowners policy.

According to the allegations of the complaint, Lee asked Standovich to secure insurance coverage for his residence. The residence property is situated on Beach Boulevard in Biloxi, Mississippi. Standovich apparently secured two policies for Lee, a State Farm homeowners policy that excluded damages from windstorms and a policy that provided windstorm coverage through the Mississippi Wind Pool. Lee has also alleged that Standovich advised him not to purchase flood insurance coverage. Lee contends that these acts were negligent and that he has suffered compensable damages as a proximate result of Standovich's negligence. Standovich denies the substance of these allegations.

## Legal Theory Supporting Removal - Fraudulent Joinder

State Farm's citizenship is diverse from Lee's; Standovich's citizenship is not. If Standovich is a properly-named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship and because there is no federal question raised on the face of the complaint.

Removal is premised on State Farm's assertion that Lee has fraudulently joined Standovich as a defendant, and, having made that assertion, State Farm bears the burden of proving it to be true. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed. These standards are even more liberal toward the plaintiff than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiff, the Court must also give the plaintiff the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

## Allegations of the Complaint

Lee contends that Standovich was negligent in advising him not to purchase flood insurance to cover losses from water damage, an excluded peril under the State Farm homeowners policy and under the policy Lee purchased through the Mississippi Wind Pool. Lee's allegations, considered in the light most favorable to Lee, are that he sought and relied upon Standovich to procure the insurance coverage that was appropriate for his situation. Lee contends that Standovich was negligent in advising him not to purchase a flood insurance policy in these circumstances.

Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992); *See: Haggans v. State Farm Fire and Casualty Company*, 803 So.2d 1249 (Miss. 2002). An insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Of course, the truth of Lee's allegations; the circumstances in which Standovich allegedly advised Lee against purchasing a flood insurance policy; the question of whether Standovich's actions failed to conform to the applicable standard of care; and the question whether Lee can prove that his losses were proximately caused by Standovich's having given his advice, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, Lee's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Lee's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Standovich and State Farm have failed to establish that Lee has no viable legal theory upon which he may proceed against Standovich. Negligence is a quintessential question of fact which must, at this juncture, be resolved in favor of the plaintiff.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 26th day of July, 2006.

> s/ L. T. Senter, Jr.
>
> L. T. Senter, Jr.
> Senior Judge